# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DISH NETWORK LLC, *et al.*,

                Plaintiffs,

vs.

DAVID WEDDELL, *et al.*,

                Defendants.

Case No.: 2:26-cv-01623-GMN-EJY

**ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Pending before the Court is Plaintiffs DISH Network L.L.C. and Sling TV L.L.C.'s Emergency Motion to Extend Temporary Restraining Order Pursuant to Federal Rule of Civil Procedure 65(b)(2) (the "Motion").  Under Federal Rule of Civil Procedure 65(b)(2), a district court may extend the duration of a Temporary Restraining Order ("TRO") by an additional fourteen-day period upon a finding of good cause. Fed. R. Civ. P. 65(b)(2).  For the reasons discussed below, the Court finds that good cause exists here and GRANTS the Motion.

Having considered the Motion, the record in this action, the Court's June 23, 2026 Order Granting Plaintiffs' Ex Parte Motion for Temporary Restraining Order ("Order Granting TRO"), (ECF No. 7), the arguments presented at the July 6, 2026, hearing, and the applicable law, the Court finds that good cause exists to extend the Temporary Restraining Order entered in this case by one additional fourteen day period because:

1. The Court continued the preliminary injunction show cause hearing to afford Defendants an opportunity to file answering papers and appear at the hearing. (*See* Minutes, ECF No. 13)

2. The United States Marshals Service was not available to serve the Order on Defendants' data center prior to July 2, 2026 and therefore Expert Data Forensics'

gathering and preservation of the limited discovery and the taking offline, air-gapping, and wrapping of the servers in evidence tape could not be completed prior to July 3, 2026.

3. Service upon Defendants necessarily occurred only after the United States Marshals Service served the Order on Defendants' data center and supervised Expert Data Forensics' gathering and preservation of the limited discovery and the servers were taken offline, air-gapped, and wrapped in evidence tape as directed in the TRO.

4. The circumstances supporting issuance of the TRO have not materially changed in any manner that diminishes the need for temporary relief.

5. Plaintiffs continue to satisfy the security requirements imposed under Rule 65(c).

6. Extension of the Temporary Restraining Order is necessary to preserve the status quo pending resolution of Plaintiffs' request for a preliminary injunction.

7. The findings of fact and conclusions of law contained in the Court's Order Granting TRO are incorporated herein by reference as though fully set forth herein and continue to support maintenance of the Temporary Restraining Order pending the continued preliminary injunction show cause hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion to Extend Temporary Restraining Order is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to FRCP 65(b)(2), the Temporary Restraining Order entered on June 23, 2026 is hereby **EXTENDED** for one additional fourteen (14) day period, commencing on the date the Temporary Restraining Order otherwise would have expired, for the reasons set forth above, which are hereby entered into the record pursuant to Rule 65(b)(2).

///

**IT IS FURTHER ORDERED** that every provision of the Court's Order Granting TRO, including, without limitation, all injunctive provisions, preservation provisions, evidence preservation requirements, asset restraints, and all other obligations imposed therein, shall remain in full force and effect throughout the extended Temporary Restraining Order unless otherwise modified by further Order of this Court.

**IT IS FURTHER ORDERED** that Plaintiffs' previously tendered cash deposit of $10,000 to the Clerk pursuant to Federal Rule of Civil Procedure 65(c) shall remain in full force and effect throughout the extended Temporary Restraining Order.

**IT IS FURTHER ORDERED** that the preliminary injunction hearing currently scheduled for July 13, 2026, shall proceed as previously scheduled unless otherwise ordered by the Court.

**DATED** this __7__ day of July, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court