Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants David Weddell and Communication Unites Everyone, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DISH NETWORK LLC, and SLING TV LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID WEDDELL, COMMUNICATION UNITES EVERYONE, INC., and DOES 1-10,<br><br>Defendants. | Case No.: 2:26-cv-01623-GMN-EJY<br><br>**ORDER GRANTING JOINT STIPULATION TO RELEASE FUNDS TO DEFENDANTS TO PAY OPERATING EXPENSES** |

**<u>STIPULATION</u>**

Defendants David Weddell and Communication Unites Everyone, Inc ("CUE"). and Plaintiffs DISH Network, LLC and Sling TV LLC hereby stipulate and agree as follows:

1. Plaintiffs filed their Complaint (ECF No. 1) on or about May 26, 2026.

2. On May 28, 2026, Plaintiffs filed an *Ex Parte* Motion for Temporary Restraining Order, Limited Expedited Discovery Order, Preservation Order, and Asset Freeze (ECF No. 3).

3. On June 22, 2026, this Court entered an Order Granting Plaintiffs' Motion to Seal and Granting an Part *Ex Parte* Motion for Temporary Restraining Order (ECF No. 7).

4. The Court's Order contained a temporary asset freeze that included, but was not limited to, "all of Defendants' accounts at Bank of America, N.A., including account numbers ending in 3497, 6992, and 5027, and First Financial Bank." ECF No. 7 at 6, § (f).

5. However, it additionally provided that "Defendants can access funds that they require to pay … reasonable and necessary business and personal expenses, either after reaching an agreement with Plaintiffs' counsel or by seeking leave from this Court." ECF No. 7 at 6, § (f).

6. On July 15, 2026, the Court entered an order granting Plaintiffs' request for a preliminary injunction. ECF No. 41.

7. This order includes an asset freeze that is co-extensive with the freeze issued in the TRO, and also extends to "the fourteen racks of CUE servers identified in Defendants' List of Assets . . . ." ECF No. 41 at 15.

8. On July 21, 2026, Defendants' counsel requested that Plaintiffs stipulate to allow Defendants to withdraw $499,720.74 from the Bank of America account ending in 9817 for payment of Defendants' operating expenses.

9. Due to the asset freeze contained in the TRO, Defendants have been unable to pay their normal operating expenses, including payroll for CUE's 28 employees, for the month of July 2026.

10. Defendants' claimed business expenses, which they assert must be paid within the next few days to avoid a shutdown of the CUE business, are as follows:

a. Payroll, including past due payroll that could not be paid due to the TRO's asset freeze: $336,833.72.

b. Servers, power, and contracted bandwidth: $136,789.20.

c. CUE's contracted network engineers: $12,500.

d. ADP payroll services that have been shut off due to non-payment caused by the TRO's asset freeze and require payment for restoration of service: $2,422.82.

e. HR software that is past due because of the TRO's asset freeze: $453.26

f. GoDaddy email and domain services: $1,054.32.

g. Telephone and video conference services that have been shut off due to non-payment and require payment for restoration of service: $3,645.56.

h. Cell phone service for CUE's call center and employees: $2,307.83.

i. Customer support software services: that have been shut off due to non-payment and require payment for restoration of service: $1,860.03.

j. Website servers and hosting: $1,495.

k. Text and email marketing services: $350.

11. Defendants do not currently have sufficient funds to pay these obligations in the Bank of America account ending in 9817. However, Defendants anticipate imminently receiving sufficient funds from third-party investors who are providing such funds for the specific purpose of making sure the CUE service remains operational.

12. On July 21, 2026, Plaintiffs' counsel agreed to stipulate to Defendants' request to withdraw $338,087.82 from the Bank of America account ending in 9817 for payment of the above operating expenses, as Plaintiffs take the position that the documentation provided by Defendants in support of their request does not reflect the full amount requested. While Defendants maintain that their expenses amount to $499,720.74, the parties are only able to stipulate to release of this lower amount for now.

13. The Parties preserve and do not waive any claims, objections, or defenses of any kind by entry of this Stipulation, and this Stipulation does not operate as an admission against interest by any party.

WHEREFORE, the Parties pray that the Court approve the terms of this Stipulation.

Dated: July 21, 2026.

RANDAZZA LEGAL GROUP, PLLC
/s/ Alex J. Shepard
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants David Weddell and Communication Unites Everyone, Inc.

MESSNER REEVES LLP
/s/ Stephen M. Ferguson
Karie N. Wilson
Nevada Bar No. 7957
8945 W. Russell Rd., Ste. 300
Las Vegas, NV 89148
Tel: (702) 363-5100
kwilson@messner.com

Stephen M. Ferguson (pro hac vice)
HAGAN NOLL & BOYLE LLC
14800 St. Mary's Ln., Ste. 110

Houston, TX 77079
Tel: (713) 343-0478
stephen.ferguson@hnbllc.com

Attorneys for Plaintiffs DISH Network L.L.C. and Sling TV L.L.C.

**ORDER**

Based upon the foregoing, and good cause appearing, the Court hereby orders as follows:

1. The above stipulation of the parties is approved;

2. Defendants David Weddell and Communication Unites Everyone, Inc. shall be permitted to access $338,087.82 from the Bank of America account ending in 9817 for payment of operating expenses.

3. Bank of America is ordered to permit Defendants David Weddell and Communication Unites Everyone, Inc. to withdraw up to $338,087.82 from the account ending in 9817 immediately.

**IT IS SO ORDERED.**

**DATED** this 22 day of July, 2026.

Gloria M. Navarro, District Judge
United States District Court