Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants David Weddell and Communication Unites Everyone, Inc.*

RANDAZZA | LEGAL GROUP

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DISH NETWORK LLC, and SLING TV LLC,

Plaintiff(s),

vs.

DAVID WEDDELL, COMMUNICATION UNITES EVERYONE, INC., RUSSELL BEGLEY and DOES 1-10,

Defendants.

Case No.: 2:26-cv-01623-GMN-EJY

**DEFENDANTS DAVID WEDDELL'S AND COMMUNICATION UNITES EVERYONE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(3)**

Defendants David Weddell ("Weddell") and Communication Unites Everyone, Inc. ("CUE") move to dismiss Plaintiffs' First Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. This Motion is based upon the attached memorandum of points and authorities, the Declaration of David Weddell filed herewith, the papers and pleadings on file, and any oral argument permitted by this Court. Defendant Russell Begley is not represented by the undersigned, and this Motion is not filed on his behalf.

RANDAZZA | LEGAL GROUP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.0 INTRODUCTION AND STATEMENT OF RELEVANT FACTS

This is a dispute between Colorado Plaintiffs and Indiana Defendants about conduct that occurred in Indiana and caused injury, if any, in Colorado. Plaintiffs DISH Network L.L.C. ("DISH") and Sling TV L.L.C. ("Sling") are Colorado limited liability companies with their principal places of business in Englewood, Colorado. *See* ECF No. 44, First Amended Complaint ("FAC"), ¶¶ 1-2. CUE is an Indiana corporation with its principal place of business in Indianapolis, Indiana. *See id.*, ¶ 4. Weddell is an individual who resides in Knox, Indiana. *See id.*, ¶ 3. Nobody in this case is a Nevadan.

Nevada enters this lawsuit in exactly one way. CUE leases space in a third-party data center on Neeham Road in North Las Vegas, and the servers CUE uses are racked there. *See id.*, ¶¶ 4, 8; Declaration of David Weddell ("Weddell Decl."), ¶ 4. CUE does not own that building. It did not build it, does not operate it, and did not select it because it happens to sit in Clark County rather than in Ohio, Utah, or Texas. *Id*. CUE bought a commodity service, and the vendor that sold that service happened to have racks in Nevada. That single fortuity is the entire basis on which Plaintiffs ask this Court to exercise coercive power over two Indiana defendants.

It is not enough. The Ninth Circuit has rejected the notion that a defendant purposefully directs its conduct at a forum merely by engaging an internet-infrastructure vendor whose facilities happen to be located there, absent evidence that the defendant chose the vendor in order to reach that forum. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1212 (9th Cir. 2020) (overruled on other grounds by *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) (en banc)). And even under the Ninth Circuit's most recent and most permissive articulation of purposeful direction, the question is whether the defendant's forum contacts are the product of its own choices and are not random or fortuitous. *Shopify*, 135 F.4th 739. Where a server sits inside a colocation provider's building is the provider's choice, not CUE's. Nothing about Plaintiffs' claims (the alleged circumvention of Sling's Widevine DRM technology and the alleged retransmission of Plaintiffs' programming) has anything to do with Nevada.

RANDAZZA | LEGAL GROUP

As to Weddell, the case for jurisdiction is not merely weak; it is nonexistent. Weddell has no meaningful contacts with Nevada. He owns nothing here, transacts no business here, and directed nothing here. *See* Weddell Decl., ¶¶ 7-10. Plaintiffs' jurisdictional theory as to him is that he is CUE's founder, CEO, director, and owner, and therefore a "primary participant" and a "guiding spirit" in CUE's alleged violations. *See* FAC, ¶¶ 9, 46, 54, 61, 67, 74. Those are allegations about liability. Liability and jurisdiction are different questions**.** *See Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("Liability and jurisdiction are independent. Liability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum").

The facts as to CUE are as follows: CUE is not incorporated in Nevada, is not registered to do business in Nevada, and has no agent for service of process here. *See* Weddell Decl., ¶¶ 3, 6. It maintains no office, no employee, no phone listing, no bank account, and no property in Nevada, and it pays no Nevada taxes. *See id.*, ¶¶ 3, 5-6. Its officers, personnel, records, and operations are in Indiana. *See id.*, ¶¶ 2, 11. CUE does not advertise in Nevada, does not direct marketing at Nevada residents, and has never tailored its service or its pricing to Nevada. *See id.*, ¶ 5.

The relevant facts as to Weddell are fewer still. He resides in Knox, Indiana, and has resided there at all times relevant to this action. *See id.*, ¶ 7. He owns no real or personal property in Nevada, holds no Nevada bank or investment account, holds no Nevada license or registration, and transacts no business in Nevada in his individual capacity. *See id.*, ¶¶ 7-8. He does not own the servers in the Las Vegas data center and has no property interest in them of any kind. *See id.*, ¶ 8. He has visited Nevada on occasion for vacation; apart from those personal trips, his only travel to this State was a single visit to CUE's data center in 2024 and attending the preliminary injunction hearing in this case. *See id.*, ¶ 9. He has never traveled to Nevada in connection with the data center (aside from that 2024 visit) or any other CUE business. *See id.*, ¶ 10.

The same facts defeat venue. Plaintiffs rest venue on 28 U.S.C. §§ 1391(b)(2)–(3). *See* FAC, ¶ 11. Subsection (b)(2) fails because no substantial part of the events giving rise to these claims occurred in Nevada; the conduct Plaintiffs describe—the decision to operate the service,

the defeat of Sling's encryption, the marketing, and the sales—is alleged to have been carried out by Indiana defendants, and the FAC never alleges that the circumvention itself happened here. Subsection (b)(3) fails as a matter of text: it applies only "if there is no district in which an action may otherwise be brought," and Plaintiffs' own pleading establishes that all three Defendants reside in Indiana. There is an obvious alternative district.

Because neither Defendant is subject to the jurisdiction of a Nevada court of general jurisdiction, because the exercise of jurisdiction over either would offend due process, and because this district is not a proper venue for these claims, both Defendants must be dismissed under Rules 12(b)(2) and 12(b)(3).

## 2.0 LEGAL STANDARDS

### 2.1 Plaintiffs Bear the Burden of Establishing Jurisdiction

To avoid dismissal, the plaintiff "bears the burden of demonstrating that its allegations establish a prima facie showing of personal jurisdiction." *Freestream Aircraft (Bermuda), Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018), citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see also Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (stating that plaintiff "bears the burden of establishing personal jurisdiction"). That burden attaches separately to each defendant. *See Sher*, 911 F.2d at 1365 ("jurisdiction over each defendant must be established individually").

The prima facie standard is "not toothless." *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019). In showing personal jurisdiction, Plaintiffs are not permitted to "rest on the bare allegations of [their] complaint." *Id.* Disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish personal jurisdiction. *See id.* Where, as here, a defendant supports its motion with a declaration, the plaintiff must come forward with evidence of its own; conclusory jurisdictional pleading will not do. *See id.*

### 2.2 Jurisdiction Requires a Statutory Basis and Compliance with Due Process

Plaintiffs invoke Federal Rule of Civil Procedure 4(k)(1)(A) as the sole asserted basis for jurisdiction over every Defendant in this case. *See* FAC, ¶¶ 8-10. Rule 4(k)(1)(A) establishes



RANDAZZA | LEGAL GROUP

personal jurisdiction only over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

This Court uses a two-part analysis to examine whether it has personal jurisdiction over a non-resident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y of Exped'ns*, 39 F.3d 1398, 1404 (9th Cir. 1994). Second, "the exercise of jurisdiction must comport with federal due process." *Id.* at 1404-05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.*, citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Nevada Supreme Court applies the same two-step framework. *See Arbella Mut. Ins. Co. v. Eighth Jud. Dist. Ct.*, 134 P.3d 710, 712 (Nev. 2006) ("To obtain jurisdiction over a non-resident defendant, a plaintiff must show: (1) that the requirements of the state's long-arm statute have been satisfied, and (2) that due process is not offended by the exercise of jurisdiction.").

Nevada's long-arm statute is NRS 14.065(1), which provides that "[a] court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States." NRS 14.065(1). Nevada's long-arm statute "reaches the limits of due process set by the United States Constitution," *Baker v. Eighth Jud. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000). That coextensiveness makes the statutory question turn on the constitutional one.

**2.3 General and Specific Jurisdiction**

There are two forms of personal jurisdiction: general and specific. The Court may assert general jurisdiction over an out-of-state party "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), quoting *Int'l Shoe*, 326 U.S. at 317. General jurisdiction over individuals requires "continuous and systematic contacts . . . that approximate physical presence," *Silva v. Gonzales*, 667 Fed. Appx. 967, 968 (9th Cir. 2016), and it is "an exacting standard, as it should be, because a finding of general jurisdiction permits a



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Alternatively, for the Court to have specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). The defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities in the forum State," and the claims must arise out of or relate to the defendant's contacts with the forum. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Critically, "the relationship must arise out of contacts that the defendant *himself* creates with the forum State," and a plaintiff's own contacts with the defendant and with the forum cannot be permitted to drive the analysis. *Walden*, 571 U.S. at 284, 289 (emphasis in original).

### 2.4 The Standard Governing Venue

Venue in a federal civil action is governed by 28 U.S.C. § 1391(b), which permits an action to be brought only in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a natural person "reside[s] in the judicial district in which that person is domiciled," and an entity that is a defendant "resides . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(1)-(2).

As with personal jurisdiction, Plaintiffs bear the burden of establishing that venue is proper in this district. *Hooge v. Sugerman*, No. 2:25-cv-00592-APG-NJK, 2026 U.S. Dist. LEXIS 42801, at *5 (D. Nev. Mar. 3, 2026) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). On a motion under Rule 12(b)(3), the Court is not obliged to accept the

pleadings as true and may consider evidence outside the pleadings. *Id.* (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). Where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendants request dismissal, and do not consent to transfer or waive any defense.

## 3.0 THE CLAIMS AGAINST DAVID WEDDELL MUST BE DISMISSED

### 3.1 Nevada's Long-Arm Statute Does Not Reach Weddell

Weddell is not "at home" in Nevada and did nothing that was purposefully directed at Nevada, so no Nevada court of general jurisdiction can reach him. The long-arm statute therefore does not reach him either, and Rule 4(k)(1)(A) fails at the threshold.

The point bears emphasis because Plaintiffs have pleaded no statutory basis at all. Nevada law has never treated the following as a "basis" for the exercise of jurisdiction, and Plaintiffs do not allege otherwise: Weddell did not enter into a contract in Nevada; he does not own, use, or possess real property in Nevada; he did not commit a tortious act within Nevada; he does not transact business in Nevada; and he is not licensed or registered here. *See* Weddell Decl., ¶¶ 7-10. What Plaintiffs allege instead is that Weddell holds titles at an Indiana corporation. *See* FAC, ¶¶ 3, 9. An office held in a foreign corporation is not a jurisdictional "basis" under NRS 14.065(1). It is a fact about someone else's contacts.

### 3.2 The Exercise of Jurisdiction Over Weddell Would Violate Due Process

#### 3.2.1 There is No General Jurisdiction Over Weddell

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires*, 564 U.S. at 924. Weddell is domiciled in Indiana. *See* FAC, ¶ 3; Weddell Decl., ¶ 7. Plaintiffs do not allege that Weddell's contacts with Nevada are "'continuous and systematic' as to render [him] essentially at home in the forum State." *Goodyear Dunlop Tires*, 564 U.S. at 919. He has no presence in Nevada. *See* Weddell Decl., ¶¶ 7-10. Vacation travel does not "approximate physical presence." *Silva*, 667 Fed. Appx. at 968; *see also Desantos v. Bourland*, 2015 U.S. Dist. LEXIS 68587, at *7 (D. Haw. May 27, 2015).



RANDAZZA | LEGAL GROUP

**3.2.2 There is No Specific Jurisdiction Over Weddell**

To exercise specific jurisdiction over Weddell, Plaintiffs must demonstrate that: (1) Weddell purposefully directed his activities towards or consummated some transaction with the forum or a resident thereof, or performed some act through which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) Plaintiffs' claims arise out of or relate to Weddell's forum-related activities; and (3) the exercise of jurisdiction over him comports with fair play and substantial justice, *i.e.*, it is reasonable. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011), quoting *Schwarzenegger*, 374 F.3d at 802. The first prong is analyzed as purposeful direction under the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984), which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Doe v. Geller*, 533 F. Supp. 2d 996, 1005 (N.D. Cal. 2008), citing *Mavrix Photo*, 647 F.3d at 1228.

Plaintiffs allege that the Court has personal jurisdiction over Weddell because he is a "primary participant" in CUE's "violations of the DMCA, ECPA, and Lanham Act," and because he "financially benefited" from them as CUE's founder, chief executive officer, director, and owner. FAC, ¶ 9. But the "mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well." *Allstar Marketing Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1119-20 (C.D. Cal. 2009); *see also Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."). "Personal jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the forum state and not on the acts and contacts carried out solely in a corporate capacity." *Carpenters Health & Sec. Trust of W. Wash. v. Paramount Scaffold, Inc.*, 2014 U.S. Dist. LEXIS 128257, at *5 (W.D. Wash. Sept. 12, 2014). A corporate officer "who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

that forum." *Id.*, citing *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981); *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir. 1978).

Weddell's contacts with Nevada therefore "must be assessed individually." *Carpenters Health*, 2014 U.S. Dist. LEXIS 128257, at *5, citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *Calder*, 465 U.S. at 790. Plaintiffs cannot establish specific personal jurisdiction over Weddell merely because they believe this Court has specific personal jurisdiction over CUE. The Ninth Circuit has expressly refused to allow a plaintiff to bootstrap jurisdiction over an individual from jurisdiction over the entity through which he acts, even if the individual would be jointly liable: "Liability and jurisdiction are independent. Regardless of their joint liability, jurisdiction over each defendant must be established individually." *Sher*, 911 F.2d at 1365. Plaintiffs' repeated invocation of the "guiding spirits and central figures" formulation, *see* FAC, ¶¶ 46, 54, 61, 67, 74, is borrowed from the substantive law of secondary liability. It says nothing about which forum may adjudicate that liability.

*Weddell directed nothing at Nevada.* Even if every allegation in the FAC were true, Weddell did not expressly aim any conduct at Nevada. Plaintiffs' pleading identifies only two acts by Weddell personally that touch Nevada even tangentially. First, they allege that on October 17, 2025, Weddell posted photographs on Facebook of the move and setup of servers at the data center, with the caption "IYKYK November 4th @ 4:44 IT BEGINS." *See* FAC, ¶ 24. Second, they allege that Weddell presented at a CUE leadership and affiliates conference at which he stated that CUE's servers in North Las Vegas were used for authentication, authorization, and content delivery. *See id.*, ¶ 30. Neither act was aimed at Nevada in any sense the law recognizes. Weddell made the post and the presentation to his own followers and to CUE's affiliates, wherever they happened to be. *See* Weddell Decl., ¶ 10. Describing where a company's equipment sits is not "conduct directly targeting the forum." *Mavrix Photo*, 647 F.3d at 1229. If it were, any executive who mentioned a corporate facility on social media would thereby consent to suit in the State where the facility stands.

Plaintiffs also allege that Weddell "was personally notified of his violations" and asked to

RANDAZZA | LEGAL GROUP

cease and desist. FAC, ¶¶ 9, 39. That allegation cuts the other way. A demand letter sent to Weddell in Indiana by Plaintiffs' counsel is a contact that *Plaintiffs* created, not one that Weddell created, and "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original). Receiving mail is not purposeful availment of the privilege of doing business in Nevada.

*No harm was suffered in Nevada.* The third element of the *Calder* effects test independently defeats Plaintiffs' theory. Plaintiffs plead that they are Colorado limited liability companies with their principal places of business in Colorado. *See* FAC, ¶¶ 1-2. Whatever injury they suffered from the alleged circumvention and retransmission, they suffered it in Colorado. Weddell could not have known that harm was "likely to be suffered" in Nevada, because none was. *Mavrix Photo*, 647 F.3d at 1228. The United States Supreme Court has held that "mere injury to a forum resident is not a sufficient connection to the forum," and that the forum must be "the focal point both of the story and of the harm suffered." *Walden*, 571 U.S. at 287, 290. Here there is not even injury to a forum resident. *Doe v. Geller* is instructive: the court found the defendants' interjection into California "not substantial" "because, although the takedown notice was sent to California, it was not aimed at any California resident." 533 F. Supp. 2d at 1007. The same is true many times over of a Facebook post made in Indiana about equipment in a building leased by a corporation, causing harm to a Colorado company.

Because Plaintiffs cannot establish purposeful direction, the analysis should end. "[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Boschetto*, 539 F.3d at 1016. Weddell must be dismissed.

*Plaintiffs' claims do not arise out of any forum-related activity of Weddell's.* Even if the inquiry continued, Plaintiffs cannot satisfy the second prong, because Weddell has no forum-related activities out of which anything could arise. He is a resident of Indiana and an officer of an Indiana corporation with its principal place of business in Indiana. Plaintiffs are Colorado companies. Nothing ties this case to Nevada except leased servers that Weddell does not own and

in which he holds no interest. *See* Weddell Decl., ¶ 8.

*The exercise of jurisdiction over Weddell would be unreasonable.* Finally, the assertion of personal jurisdiction over Weddell would not comport with fair play and substantial justice. Jurisdiction is reasonable only if "under the totality of the circumstances the defendant could reasonably anticipate being called upon to present a defense in a distant forum." *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Courts within the Ninth Circuit examine seven factors. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003). There is "no mechanical or quantitative test" for reasonableness. *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir. 1981). Every factor here weighs against jurisdiction or is neutral.

1. *Weddell's purposeful interjection into the forum state.* Weddell did not interject himself into Nevada at all. He owns no property here, transacts no business here, and has never been here on CUE's behalf other than the aforementioned visit to the data center and to attend the preliminary injunction hearing. *See* Weddell Decl., ¶¶ 7-10. This factor tracks the purposeful direction analysis, and it fails for the same reasons. *See Geller*, 533 F. Supp. 2d at 1007. This factor weighs strongly against jurisdiction.

2. *Burden on the defendant of litigating in the forum.* Where there are "clear justifications for the exercise of jurisdiction," inconvenience must be so great as to constitute a deprivation of due process for this factor to matter. *See Ballard v. Savage*, 65 F.3d 1495, 1501 (9th Cir. 1995). Here there are no justifications for the exercise of jurisdiction over Weddell, and litigating roughly 1,700 miles from his home, his regular counsel, and his evidence is plainly more burdensome for him than litigating in Indiana. This factor favors Weddell.

3. *Extent of the conflict with the sovereignty of Weddell's home State.* Indiana has a stronger interest than Nevada in adjudicating claims against one of its residents, particularly a resident with no ties to Nevada. This factor favors Weddell.

4. *The forum State's interest in adjudicating the dispute.* None of the parties is a Nevada resident, and none was injured in Nevada. Nevada has at most a minimal interest in



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

adjudicating this dispute. This factor favors Weddell.

5. *Efficiency.* For this factor the Court looks to the location of the evidence and the witnesses. Weddell's witnesses and documents are in Indiana. *See* Weddell Decl., ¶ 11. None are in Nevada. Plaintiffs' witnesses are presumably in Colorado. No witness with knowledge of the merits is alleged to be in Nevada. This factor favors Weddell.

6. *The importance of the forum to Plaintiffs' interest in convenient and effective relief.* Plaintiffs are not at home in Nevada, and their witnesses and evidence are not here. Plaintiffs are in bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division). *See* Bankruptcy Case Nos. 26-90631 and 26-90642, which are all jointly administered in bankruptcy case number 26-90627. Plaintiffs love to pack the record with citations to their own prior litigation (mostly in defaults). ECF No. 3 at 18–19, 21, 22 n.9, 28; ECF No. 32 at 5, 17 n.12. It would seem that for the Plaintiffs, this is not a particularly important forum at all. And any relief needed would be just as effective, in fact more so, with the Defendants' home court lording over them. A forum with jurisdiction over Weddell would be no less convenient for Plaintiffs than this. This factor favors Weddell.

7. *The existence of an alternative forum.* Plaintiffs bear the burden of proving the unavailability of an alternative forum. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993); *FDIC*, 828 F.2d at 1445. Plaintiffs cannot carry it. Weddell resides in Indiana and is plainly subject to suit there. This factor favors Weddell.

Every element of the specific jurisdiction test, and every reasonableness factor, weighs in Weddell's favor. This Court has neither general nor specific personal jurisdiction over him, and he must be dismissed from this lawsuit.

### 3.3 Venue Over the Claims Against Weddell Is Improper

Venue independently fails as to Weddell under each of the three subsections of 28 U.S.C. § 1391(b), and Plaintiffs do not even attempt to invoke the first.

*Section 1391(b)(1) points to Indiana, not Nevada.* Weddell is domiciled in Indiana and therefore resides in Indiana for venue purposes. 28 U.S.C. § 1391(c)(1); *see* FAC, ¶ 3; Weddell

RANDAZZA | LEGAL GROUP

Decl., ¶ 7. So does every other Defendant: Plaintiffs plead that CUE's principal place of business is in Indianapolis, that Weddell resides in Knox, Indiana, and that Begley resides in Knox, Indiana. *See* FAC, ¶¶ 3-5. Because all Defendants are residents of Indiana, § 1391(b)(1) makes an Indiana district a proper venue. It does not make Nevada one.

*No substantial part of the events giving rise to the claims against Weddell occurred in this district.* Plaintiffs rely on § 1391(b)(2). *See* FAC, ¶ 11. But the FAC does not allege a single act by Weddell in Nevada. Everything it attributes to him (founding CUE, serving as its chief executive officer and director, authorizing and directing its conduct, receiving financial benefits, and receiving a cease-and-desist demand) he is alleged to have done as an officer of an Indiana corporation, and he did it from Indiana. *See* Weddell Decl., ¶¶ 7, 10. The two specific acts Plaintiffs identify confirm the point: Weddell made the October 17, 2025, Facebook post and delivered the affiliates-conference presentation from outside Nevada. *See id.*, ¶ 10; FAC, ¶¶ 24, 30. Venue under § 1391(b)(2) turns on where the events occurred, not where their consequences may be observed.

Nor is this a district in which "a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The property that is the subject of this action is Plaintiffs' programming and the Sling Marks. This is intangible property belonging to Colorado companies. The servers in North Las Vegas are the target of one item of requested relief, *see* FAC, Prayer for Relief ¶ B, but the object of a remedy is not the subject of the action. Weddell in any event holds no interest in those servers. *See* Weddell Decl., ¶ 8.

## 4.0 THE CLAIMS AGAINST CUE MUST BE DISMISSED

### 4.1 Nevada's Long-Arm Statute Does Not Reach CUE

The analysis under NRS 14.065(1) is the same for CUE as for Weddell, and it produces the same answer. The statute reaches only so far as the Nevada and federal constitutions allow. *See* NRS 14.065(1); *Baker*, 999 P.2d at 1023. Because, as shown in Section 4.2, the Due Process Clause forbids the exercise of jurisdiction over CUE on the facts of this case, NRS 14.065(1) authorizes nothing, no Nevada court of general jurisdiction could reach CUE, and Rule 4(k)(1)(A) is not satisfied.

Plaintiffs' only Nevada-specific factual allegation as to CUE is that CUE "is using Servers located in the CUE Data Center at 3422 Neeham Road, Las Vegas, Nevada." FAC, ¶ 8. That does not answer the statutory question. CUE holds no interest in real property in Nevada; it leases colocation services from a third party that owns and operates the facility. *See* Weddell Decl., ¶ 4. This is not a sufficient basis for jurisdiction.

**4.2 The Exercise of Jurisdiction Over CUE Would Violate Due Process**

**4.2.1 There is No General Jurisdiction Over CUE**

A corporation is "essentially at home" only where it is incorporated and where it maintains its principal place of business. *See Goodyear Dunlop Tires*, 564 U.S. at 919, 924; For CUE, both are Indiana. *See* FAC, ¶ 4; Weddell Decl., ¶¶ 2-3. CUE is not incorporated in Nevada, is not registered to do business here, has no office, employee, or agent here, and owns no property here. *See* Weddell Decl., ¶¶ 3, 5-6. Renting rack space in someone else's building does not render a corporation at home in a State; general jurisdiction "is an exacting standard," *Schwarzenegger*, 374 F.3d at 801, and the Ninth Circuit has denied general jurisdiction on far more substantial forum contacts than these, *see Brand*, 796 F.2d at 1073. Plaintiffs do not appear to contend otherwise; the FAC pleads only specific jurisdiction. *See* FAC, ¶¶ 8, 10.

**4.2.2 There is No Specific Jurisdiction Over CUE**

The same three-part test governs. *See Mavrix Photo*, 647 F.3d at 1228. Plaintiffs bear the burden on the first two prongs, and they cannot carry it on either.

*Leasing server space in a vendor's Nevada facility is not purposeful direction at Nevada. Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1116 (D. Nev. 2013) ("courts within this circuit have rejected the contention that server location within the forum can constitute a basis for the exercise of personal jurisdiction."). CUE's presence in this State consists of equipment racked in a building that a third party chose to construct in North Las Vegas. CUE did not select the facility for its location; it purchased capacity, and the vendor's facility was where the vendor's facility was. *See* Weddell Decl., ¶ 4. Which building a colocation vendor happens to own is the definition of fortuitous. Had the vendor leased CUE racks in Phoenix instead, nothing about CUE's



RANDAZZA | LEGAL GROUP

alleged conduct, CUE's subscribers, or Plaintiffs' injury would be different.

Here, no party is a Nevadan, and the alleged wrongs have no material effect on anyone in Nevada. Defendants are aware of no authority approving of exercising personal jurisdiction where no party is located in the forum State and the forum's only connection is a non-party vendor's equipment. The consequences of a contrary holding confirm that it is not the law. Modern businesses of every kind rent computing capacity from colocation and cloud providers, and those providers concentrate their facilities in a handful of States for a diversity of reasons such as power costs, tax treatment, climate, fiber routes, natural disaster likelihood, that have nothing to do with their customers. If leasing rack space subjected the lessee to suit in the State where the provider built its building, then every company that buys hosting would answer in Nevada, Virginia, Oregon, and Iowa for conduct with no connection to those places, and a plaintiff could manufacture its preferred forum by identifying its adversary's hosting provider. That is the "unreasonable consequence[]" the court refused to accept in *Geller*, which declined to become "an international court of internet law" on the strength of one non-party's presence in the district. 533 F. Supp. 2d at 1008-09. Nevada is a popular place for colocation services because of its climactic stability. It should not have this business strangled by the District of Nevada becoming the "international forum of colocation services jurisdiction."

*Plaintiffs' allegation of Nevada subscribers cannot carry their burden either.* The FAC alleges in a single conclusory sentence that CUE "also sold and provided subscriptions to the Infringing Service to consumers located throughout Nevada." FAC, ¶ 8. No facts support this conclusory allegation. There is no subscriber, no transaction, no date, no volume. It is precisely the sort of "bare allegation[]" on which Plaintiffs may not rest, and it is controverted by declaration. *In re Boon Glob. Ltd.*, 923 F.3d at 650; *see* Weddell Decl., ¶ 5. Disputed allegations unsupported by evidence cannot establish personal jurisdiction. *See id.*

Even taken at face value, the allegation does not help Plaintiffs, because it fails the second prong of the specific jurisdiction test. Plaintiffs' claims are for trafficking in circumvention technology under 17 U.S.C. § 1201, for disclosure and use of intercepted communications under

18 U.S.C. § 2511, and for infringement of the Sling Marks under the Lanham Act. Those claims arise from the alleged defeat of Sling's Widevine DRM and the alleged retransmission of Plaintiffs' channels. They do not arise from whatever subscriptions CUE may have sold to Nevada residents incidental to their worldwide subscription base. Plaintiffs do not allege that any Nevada subscriber's purchase caused their injury, nor could they: their injury, if any, is the loss of licensed subscription revenue in Colorado. A claim must "arise out of or relate to the defendant's contacts with the forum," *Ford Motor Co.*, 592 U.S. at 359, and Plaintiffs' claims do not arise out of or relate to Nevada.

*No harm was suffered in Nevada.* As with Weddell, the third element of the *Calder* effects test is fatal. Plaintiffs are Colorado companies with their principal places of business in Colorado. *See* FAC, ¶¶ 1-2. The FAC identifies no injury to anyone in Nevada. CUE therefore cannot have caused "harm that [it] knows is likely to be suffered in the forum state." *Mavrix Photo*, 647 F.3d at 1228. Nevada is not "the focal point both of the story and of the harm suffered," *Walden*, 571 U.S. at 287, and "mere injury to a forum resident is not a sufficient connection to the forum" even when there is one, *id.* at 290.

*The exercise of jurisdiction over CUE would be unreasonable.* The seven reasonableness factors weigh against jurisdiction over CUE for substantially the reasons they weigh against jurisdiction over Weddell.

1. *CUE's purposeful interjection into the forum State.* CUE's interjection consists of paying a monthly invoice to a vendor that keeps its racks in Clark County. It has no office, employee, or agent here and does not market here. *See* Weddell Decl., ¶¶ 4-6. The purposeful interjection factor in the reasonableness analysis is analogous to the purposeful direction factor, and it fails for the same reasons. *Geller*, 533 F. Supp. 2d at 1007. This factor weighs against jurisdiction.

2. *Burden on the defendant of litigating in the forum.* CUE's officers, employees, and records are in Indiana. *See* Weddell Decl., ¶¶ 2, 11. Litigating in Nevada imposes real and one-sided costs, and there is no "clear justification[]" for the exercise of jurisdiction to offset them.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

*Ballard*, 65 F.3d at 1501. This factor favors CUE.

3. *Extent of the conflict with the sovereignty of CUE's home State.* Indiana has the superior interest in regulating the conduct of an Indiana corporation operated from Indianapolis. This factor favors CUE.

4. *The forum State's interest in adjudicating the dispute.* Nevada has little interest in a dispute between Colorado plaintiffs and Indiana defendants over federal claims. No Nevada resident is a party and no Nevada resident is alleged to have been injured. This factor favors CUE.

5. *The most efficient judicial resolution of the controversy.* The witnesses and documents concerning CUE's operations, its contracts, and its finances are in Indiana; Plaintiffs' are in Colorado. *See* Weddell Decl., ¶ 11. The servers are not witnesses, and Plaintiffs' own pleading shows that the technical analysis on which they rely was performed remotely, over a subscription purchased online. *See* FAC, ¶¶ 27-29, 31. This factor favors CUE or is neutral.

6. *The importance of the forum to Plaintiffs' interest in convenient and effective relief.* Plaintiffs' claims are exclusively federal and can be adjudicated with equal effect in any district. This factor is neutral.

7. *The existence of an alternative forum.* Plaintiffs bear the burden of establishing that no alternative forum exists. *See Core-Vent Corp.*, 11 F.3d at 1490. They cannot: CUE is an Indiana corporation headquartered in Indianapolis and is subject to general jurisdiction in Indiana, where all three Defendants reside. This factor favors CUE.

On balance, the reasonableness factors weigh heavily against the exercise of jurisdiction. Combined with Plaintiffs' failure on the first and second prongs of the specific jurisdiction test, they require dismissal of CUE.

### 4.3 Venue Over the Claims Against CUE Is Improper

*For venue purposes, CUE does not reside in Nevada.* An entity defendant resides, for venue purposes, "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). For CUE, then, residence for venue and amenability to personal jurisdiction are the same question, and Section

4.2 answers it: CUE is not subject to personal jurisdiction in Nevada, so it does not reside here. CUE resides in Indiana, where it is incorporated and where it maintains its principal place of business. *See* FAC, ¶ 4; Weddell Decl., ¶¶ 2-3. Because every Defendant resides in Indiana, § 1391(b)(1) establishes venue there—and only there.

*No substantial part of the events giving rise to these claims occurred in this district.* Plaintiffs' principal venue theory is § 1391(b)(2). *See* FAC, ¶ 11. Read closely, however, the FAC locates the operative conduct outside Nevada. The decision to create and operate the service, the acquisition of programming, the marketing and advertising, the sale and activation of subscriptions, the setting of prices, and the customer support are all attributed to an Indiana corporation run from Indianapolis. *See* Weddell Decl., ¶¶ 2-3, 5. Most significantly, the conduct that forms the core of Counts I through III is the defeat of Sling's Widevine DRM by "a specially developed computer program that emulates the behavior of a reverse engineered hardware device." FAC, ¶ 36. Nowhere does the FAC allege that this program was developed, obtained, or operated in Nevada. That omission is fatal to Plaintiffs' venue theory, because the circumvention is the event giving rise to the claim.

What remains is Plaintiffs' allegation that leased servers in a third party's North Las Vegas facility perform authentication, authorization, and content delivery. *See* FAC, ¶¶ 8, 29. The automated routing of data through equipment housed in a district is not "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). Were it otherwise, venue would lie in every district whose fiber, routers, or cache servers happened to carry a packet, and the statute's requirement that the forum's share of the events be "substantial" would do no work at all. The events that matter here—the choices, the code, the sales, and the money—happened in Indiana.

*Section 1391(b)(3) is unavailable for the same reason it is unavailable as to Weddell.* The subsection operates only where "there is no district in which an action may otherwise be brought as provided in this section." Indiana is such a district, on the face of Plaintiffs' own pleading. *See* FAC, ¶¶ 3-5. And § 1391(b)(3) additionally requires that the defendant be subject to personal



RANDAZZA | LEGAL GROUP

jurisdiction in the chosen district, which CUE is not. Venue in this district is improper, and the claims against CUE should be dismissed under Rule 12(b)(3).

## 5.0 CONCLUSION

Plaintiffs chose this forum because a company CUE pays for server space keeps its racks here. That is not a constitutionally sufficient reason to require an Indiana corporation and an Indiana individual to defend a Colorado company's federal claims 1,700 miles from home, and it is not a statutory basis for venue either. Neither Defendant is subject to the jurisdiction of a Nevada court of general jurisdiction, so Rule 4(k)(1)(A) and NRS 14.065(1) supply no authority, and the exercise of jurisdiction over either would offend due process. No substantial part of the events giving rise to these claims occurred in this district, every Defendant resides in Indiana, and § 1391(b)(3) is therefore unavailable. Defendants David Weddell and Communication Unites Everyone, Inc. respectfully request that this Court dismiss Plaintiffs' First Amended Complaint against them pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

Dated: August 12, 2026.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendants David Weddell and Communication Unites Everyone, Inc.*



RANDAZZA | LEGAL GROUP

Case No. 2:26-cv-01623-GMN-EJY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza

RANDAZZA | LEGAL GROUP