UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DISH NETWORK L.L.C. and SLING TV L.L.C.,

Plaintiff,

v.

DAVID WEDDELL, *et al.*,

Defendants.

Case No. 2:26-cv-01623-GMN-EJY

**ORDER**

Before the Court is Defendant David Weddell's Motion to Extend and Reset Deadline to Respond to Second Amended Complaint. ECF 117. Mr. Weddell seeks an extension of time to respond to Plaintiff's Second Amended Complaint. *Id*. at 1. Weddell contends he does not have access to funds necessary to retain counsel. *Id*. at 4.

DISH Network opposes Mr. Weddell's Motion noting the 60 days the Court granted after prior counsel withdrew and points to the lack of specificity in the Motion to Extend. ECF No. 121 at 2, 3 (arguing "Weddell did not establish that he actually spoke with an attorney, requested a conflicts check or consultation, communicated the response deadline" or otherwise took specific acts in an effort to retain counsel). Of course, all of this ignores the lack of access to funds, which could very well interfere with an ability to retain an attorney. DISH has also unnecessarily turned the short extension request into a matter that calls into question a prior Court decision made after an *in camera* proceeding. *Id*. at 5. In sum, DISH argues the "history supports requiring a substantiated account now" of prior representations. *Id*. DISH also provides a list of six things the Court should order when Rule 1 of the Federal Rules of Civil Procedure is counter to such action. Indeed, despite the November 5 filing by DISH, the November 11th federal holiday, the Court's criminal duty week (about which DISH would be unaware), and the upcoming Thanksgiving four day weekend, DISH seeks an expedited "in-person status conference" to discuss, *inter alia*, Mr. Weddell's extension request *Id*. at 7.

Federal Rule of Civil Procedure 1 states: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Conforming to this Rule, the Court will not hold an in-person hearing regarding Mr. Weddell's Motion. Nor will it debate what occurred at prior proceedings. The Court previously advised Mr. Weddell that if he seeks the release of funds to retain counsel, he must separately move for such relief. ECF No. 119.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant David Weddell's Motion to Extend and Reset Deadline to Respond to Second Amended Complaint (ECF 117) is GRANTED; provided, however, no further extension of time will be entertained by the Court absent unforeseen extraordinary circumstances.

IT IS FURTHER ORDERED that to ensure Mr. Weddell receives a copy of this Order in a timely fashion, the Clerk of Court is kindly asked to email the same to Mr. Weddell at the email address appear on ECF No. 117.

Dated this 9th day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE